# EXHIBIT 2

CJ-2022-5699 Stinson



IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

CLAUDIA C. CONNER, )
)
Plaintiff, )
)
v. ) No. CJ-2022-5699
)
THE STATE OF OKLAHOMA, d/b/a )
OKLAHOMA EMPLOYMENT )
SECURITY COMMISSION, )
)
Defendant. )

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

NOV 21 2022

RICK WARREN
COURT CLERK

127 _____

### PETITION

**COMES NOW THE PLAINTIFF**, and for her cause of action alleges and states as follows:

1. The Plaintiff is Claudia C. Conner, an adult resident of Oklahoma County, Oklahoma.

2. The Defendant is the State of Oklahoma acting in the name of the Oklahoma Employment Security Commission (OESC). The principal office of the Defendant is Oklahoma County, Oklahoma.

3. Ms. Conner was an employee of the Defendant working as General Counsel and Chief of Staff for the OESC until her wrongful termination which occurred on or about November 10, 2021.

4. At the time of her discharge Ms. Conner was over sixty (60) years of age.

5. Ms. Conner had not been disciplined, warned or counseled about any performance issues as of the time of her discharge.

6. Ms. Conner possessed all of the qualifications necessary for her position and was satisfactorily performing her job when she was terminated.

7. No reason was given by the Defendant for its actions.

8. When Plaintiff was hired, the Agency Director (Shelley Zumwalt) asked Plaintiff to fire the "old guards" which were older employees including, but not limited to, John Miley (approx 62) and Pete Shipman (approx 50's).

9. During her employment, Plaintiff heard Ms. Zumwalt make ageist statements about employees and saw a pattern of targeting older employees for termination.

10. Also during her employment, Plaintiff heard Ms. Zumwalt hire an African-American person. She stated that this new hire would be able to terminate an older African-American employee that she wanted rid of. After Zumwalt made that statement, it later occurred to Plaintiff that Plaintiff herself was hired as a cover for firing older employees.

11. Approximately one month prior to being terminated, Plaintiff was given a raise. Plaintiff had heard office gossip that there were going to be changes to the management team. Plaintiff asked Zumwalt about this, and Zumwalt specifically told Plaintiff that she did not need to worry about her continued employment.

12. The day prior to Plaintiff being terminated, a consulting group hired by Ms. Zumwalt called to ask how much longer she was planning to work.

13. Also during her employment, Plaintiff worked with a state vendor, Mark Davis. Plaintiff became aware that Mr. Davis was making inappropriate remarks to young women and men working in the office. Plaintiff counseled Mr. Davis against making these inappropriate remarks and reported the incident to HR. Plaintiff had several conversations about the subject with HR.

On November 8, 2021 Plaintiff reported Mr. Davis' inappropriate conduct was continuing.

14. Two days after the report, Plaintiff was terminated without explanation. Shortly after Plaintiff's termination, Mr. Davis was hired as an employee of the OESC and a few months later became an employee of Ms. Zumwalt's husband's firm that has a contract with the OESC.

15. On or about December 1, 2021, Plaintiff filed a charge of discrimination alleging discrimination based on age and gender and retaliation for reporting sexually inappropriate behavior. This filing was made with the Equal Employment Opportunity Commission.

16. On or about August 25, 2022, the EEOC issued a right to sue letter which was received thereafter.

17. This action is brought within ninety (90) days of the receipt of the right to sue.

18. The real reason was Defendant's discrimination based on Plaintiff's age and gender or the combination of those factors together with retaliation for Plaintiff's reports of sexual harassment of other employees.

19. As the direct result of such discriminatory and retaliatory conduct, Plaintiff has suffered damages in the form of lost earnings, emotional distress and dignitary harm for which she is entitled to compensation.

**WHEREFORE**, the Plaintiff prays that judgment be entered in favor of the Plaintiff and against the Defendant for all injuries to wages and earnings suffered by the Plaintiff together with liquidated damages, costs and attorney's fees.

**RESPECTFULLY SUBMITTED THIS 21ST DAY OF NOVEMBER, 2022.**

/s/ Mark Hammons

Mark Hammons, OBA No. 3784
Amber Hurst, OBA No. 21231
HAMMONS, HURST & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
taylor@hammonslaw.com
*Counsel for Plaintiff*
**Jury Trial Demanded**