## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CLAUDIA C. CONNER, )
)
      Plaintiff, )
)
v. ) No. CIV-22-1095-JD
)
THE STATE OF OKLAHOMA, d/b/a )
OKLAHOMA EMPLOYMENT )
SECURITY COMMISSION, )
)
      Defendant. )

### AMENDED COMPLAINT

**COMES NOW THE PLAINTIFF**, and, pursuant to FRCP 15(a), filed the following amended complaint and alleges and states as follows:

### I. - PARTIES

1. The Plaintiff is Claudia C. Conner, an adult resident of Oklahoma County, Oklahoma.

2. The Defendant is the State of Oklahoma acting in the name of the Oklahoma Employment Security Commission (OESC). The principal office of the Defendant is Oklahoma County, Oklahoma.

### II. - JURISDICTION AND VENUE

3. Defendant removed this action to federal court asserting jurisdiction under 28 U.S.C. §§ 1331 and 1441(a).

4. Venue is proper in this Court 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

### III. - STATEMENT OF FACTS

5. Ms. Conner was an employee of the Defendant working as General Counsel

and Chief of Staff for the OESC until her wrongful termination which occurred on or about November 10, 2021.

6. At the time of her discharge Ms. Conner was over sixty (60) years of age.

7. Ms. Conner had not been disciplined, warned or counseled about any performance issues as of the time of her discharge.

8. Ms. Conner possessed all of the qualifications necessary for her position and was satisfactorily performing her job when she was terminated.

9. No reason was given by the Defendant for its actions.

10. Following her discharge, the General Counsel position continued to exist.

11. When Plaintiff was hired, the Agency Director (Shelley Zumwalt) asked Plaintiff to fire the "old guards" which were older employees including, but not limited to, John Miley (approx 62) and Pete Shipman (approx 50's).

12. During her employment, Plaintiff heard Ms. Zumwalt make ageist statements about employees and saw a pattern of targeting older employees for termination. In particular, Plaintiff heard Ms. Zumwalt refer to older female employees as dowdy and frumpy.

13. Also during her employment, Plaintiff heard Ms. Zumwalt hire an African-American person. She stated that this new hire would be able to terminate an older African-American employee that she wanted rid of. After Zumwalt made that statement, it later occurred to Plaintiff that Plaintiff herself was hired as a cover for firing older employees.

14. Approximately one month prior to being terminated, Plaintiff was given a raise. Plaintiff had heard office gossip that there were going to be changes to the management team. Plaintiff asked Zumwalt about this, and Zumwalt

specifically told Plaintiff that she did not need to worry about her continued employment.

15. The day prior to Plaintiff being terminated, a consulting group hired by Ms. Zumwalt called to ask how much longer she was planning to work.

16. Also during her employment, Plaintiff worked with a state vendor, Mark Davis. Plaintiff became aware that Mr. Davis was making inappropriate remarks to young women and men working in the office. Plaintiff counseled Mr. Davis against making these inappropriate remarks and reported the incident to HR. Plaintiff had several conversations about the subject with HR. On November 8, 2021 Plaintiff reported Mr. Davis' inappropriate conduct was continuing.

17. Two days after the report, Plaintiff was terminated without explanation. Shortly after Plaintiff's termination, Mr. Davis was hired as an employee of the OESC and a few months later became an employee of Ms. Zumwalt's husband's firm that has a contract with the OESC.

18. On or about December 1, 2021, Plaintiff filed a charge of discrimination alleging discrimination based on age and gender and retaliation for reporting sexually inappropriate behavior. Although this filing was made with the Equal Employment Opportunity Commission, that is permitted by the Oklahoma-Anti Discrimination Act (OADA). The only age claim asserted by Plaintiff arises under the OADA.

19. On or about August 25, 2022, the EEOC issued a right to sue letter which was received thereafter.

20. This action was brought in state court within ninety (90) days of the receipt

of the right to sue and was thereafter removed to this Court.

21. The real reason was Defendant's discrimination based on Plaintiff's age and gender or the combination of those factors together with retaliation for Plaintiff's reports of sexual harassment of other employees.

22. As the direct result of such discriminatory and retaliatory conduct, Plaintiff has suffered damages in the form of lost earnings, emotional distress and dignitary harm for which she is entitled to compensation.

**WHEREFORE**, the Plaintiff prays that judgment be entered in favor of the Plaintiff and against the Defendant for all injuries to wages and earnings suffered by the Plaintiff together with liquidated damages, costs and attorney's fees.

**RESPECTFULLY SUBMITTED THIS 10th DAY OF JANUARY, 2023.**

/s/ Mark Hammons
Mark Hammons, OBA No. 3784
Amber Hurst, OBA No. 21231
HAMMONS, HURST & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
katie@hammonslaw.com
*Counsel for Plaintiff*
**Jury Trial Demanded**

## CERTIFICATE OF SERVICE

      A true copy of the foregoing served on the Defendant's counsel below listed on this 10th day of January, 2023, by use of this Court's ECF system of filing and mailing:

Justin P. Grose, OBA #31073
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
The Heritage Building
621 N. Robinson Ave., Ste. 400
Oklahoma City, OK 7310
Telephone: (405) 546-3751
Facsimile:  (405) 546-3775
justin.grose@ogletree.com
*Attorneys for Defendant*

                                                  /s/ Mark Hammons