IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLAUDIA C. CONNER,<br><br>  Plaintiff,<br><br>vs.<br><br>THE STATE OF OKLAHOMA d/b/a OKLAHOMA EMPLOYMENT SECURITY COMMISSION,<br><br>  Defendant. | Case No. CIV-22-1095-JD |

**DEFENDANT THE STATE OF OKLAHOMA D/B/A
OKLAHOMA EMPLOYMENT SECURITY COMMISSION'S
<u>MOTION TO DISMISS AND BRIEF IN SUPPORT</u>**

Defendant the State of Oklahoma d/b/a Oklahoma Employment Security Commission ("OESC"), pursuant to Fed. R. Civ. P. 12(b)(1), (6), moves this Court to dismiss all of Plaintiff Claudia C. Conner's ("Plaintiff") claims in her Amended Complaint [Doc. No. 7] for the following: age discrimination under the Oklahoma Anti-Discrimination Act ("OADA"), Okla. Stat. tit. 25, §§ 1101–1706; gender discrimination under Title VII ("Title VII") of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the OADA; and retaliation under Title VII and the OADA because:

- Plaintiff fails to state a claim of gender discrimination or retaliation under Title VII; and

- The OADA claims are barred to the extent that Plaintiff fails to allege compliance with the Oklahoma Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, §§ 151–200, and did not in fact comply with the GTCA.

**<u>Brief in Support</u>**

**Statement of the Case**

Plaintiff worked for OESC from approximately August 2020 until November 2021. OESC terminated Plaintiff for various reasons related to her overall work performance in her role as Chief of Staff and General Counsel. In response to her lawful termination, Plaintiff brought suit against OESC. She appears to allege five causes of action: (1) age discrimination in violation of the OADA; (2) gender discrimination in violation of Title VII; (3) gender discrimination in violation of the OADA; (4) retaliation in violation of Title VII; and (5) retaliation in violation of the OADA. *See* Am. Compl. 2–4 [Doc. No. 7].

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of a complaint based on a court's lack of subject-matter jurisdiction. A motion under Rule 12(b)(1) usually takes one of two forms: "(1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). An immunity challenge to the court's jurisdiction is properly brought as a facial attack under Rule 12(b)(1). *See id.*; *cf. Griffey v. Kibois Area Transit Sys.*, 328 P.3d 687, 688, 690 (Okla. Civ. App. 2013) (discussing that the notice and claim requirements under the GTCA are "jurisdictional").

Under Federal Rule of Civil Procedure 12(b)(6), a court is authorized to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Withstanding a Rule 12(b)(6) motion requires a complaint to

2

contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility requirement "inform[s] the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). While *Twombly* did not alter the long-standing rule that well-pleaded facts in a complaint must be accepted as true, the Supreme Court did clarify that legal conclusions couched as assertions of fact are not entitled to this presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, the federal pleading standard requires more than legal conclusions which simply recite the elements of a claim. *See Twombly*, 550 U.S. at 555. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft*, 556 U.S. at 679.

## Argument

**I.     Plaintiff fails to state a claim for gender discrimination or retaliation under Title VII.**

The Amended Complaint is unclear as to whether the allegation of gender discrimination is separate from the allegation of retaliation or is merely offered to support the allegation of retaliation. OESC will address them as separate claims. Regardless, Plaintiff fails to state a claim upon which relief can be granted under either theory.

**A.     Plaintiff fails to offer sufficient facts to support a claim of gender discrimination.**

Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). A disparate treatment claim under Title

3

VII uses the familiar *McDonnell Douglas* burden shifting analysis. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). First, Plaintiff must establish a prima facie case of employment discrimination. *Id.* at 802. A prima facie case of discrimination requires Plaintiff to show: "(1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

After striking conclusory allegations from its consideration, the court in *Khalik* found that the following facts were left:

> (1) Plaintiff is an Arab–American who was born in Kuwait; (2) Plaintiff's religion is Islam; (3) Plaintiff performed her job well; (4) Plaintiff was grabbed by the arm in the office; (5) Plaintiff complained internally about discrimination; (6) Plaintiff also complained internally about being denied FMLA leave; (7) Plaintiff complained about an email that described a criminal act; and (8) Defendant terminated Plaintiff's employment position.

*Id.* at 1193–94. The *Khalik* court found that these allegations did not sufficiently allege discrimination or retaliation. *Id.* at 1194. It said, "[t]here is no context for when Plaintiff complained, or to whom. There are no allegations of similarly situated employees who were treated differently. There are no facts relating to the alleged discrimination. There is no nexus between the person(s) to whom she complained and the person who fired her." *Id.* Relying on *Khalik*, this Court in *Greene v. Oklahoma State Department of Health*, also found insufficient the following allegations and dismissed them: "(1) Ms. Greene is an African American female; (2) she met the objective qualifications of her position; (3) Ms. Greene filed a grievance about discrimination; and (4) OSDH terminated her employment."

4

No. CIV-20-1122-JD, 2021 WL 4037845, at *3 (W.D. Okla. Sept. 3, 2021). As in *Khalik*, this Court stated that nothing more than "sheer speculation" linked the plaintiff's discharge to race discrimination. *Id.*

Plaintiff makes no allegation that "she was treated less favorably than others not in the protected class"—gender. The plaintiff's allegations in *Hall v. Oklahoma Department of Rehabilitation Services*, No. CIV-17-497-D, 2018 WL 991543 (W.D. Okla. Feb. 20, 2018), further assist here in showing the total lack of factual allegations made by Plaintiff to support a gender discrimination claim. For example, the plaintiff in *Hall* alleged she: "(1) had assignments removed from her and assigned to Caucasian employees; (2) was told she was viewed as 'lazy' because of her race; (3) was isolated in her job because of her race; and (4) did not receive assistance as did other non-African American employees or any meaningful investigation to cure the discrimination." 2018 WL 991543, at *6. Nothing similar to those allegations exists here. While it is possible that Plaintiff's claim for "gender discrimination" is merely supportive of her retaliation claim, if it is a stand-alone claim, then it must be dismissed because Plaintiff does not offer any facts suggesting a plausible claim of gender discrimination.

      **B.**    **Plaintiff's scant allegations regarding her complaint against Mark Davis—who is not an OESC employee—fail to state a claim for retaliation.**

Title VII prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). A plaintiff seeking to show that

5

retaliation played a part in the employment decision affecting him may do so by relying on circumstantial evidence using the common *McDonnell Douglas* framework. *See, e.g.*, *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1233 (10th Cir. 2015).

Under the *McDonnell Douglas* framework, the employee must first establish his prima facie case. *Id.* This requires proof that: (1) he engaged in protected activity; (2) the employer took an adverse employment action against him; and (3) there is a causal connection between the protected activity and the adverse employment action. *Braxton v. Nortek Air Sols., LLC*, 769 F. App'x 600, 605 (10th Cir. 2019). In regard to the second and third prima facie elements, retaliation claims encompass adverse employment actions that would have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006). The causation element for a Title VII retaliation claim "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360, 362 (2013). This is a "but-for" standard.

Here, the bulk of Plaintiff's allegations involve Shelley Zumwalt, a female, who Plaintiff claims targeted her for termination due to her age. *See* Am. Compl. ¶¶ 6–15 [Doc. No. 7]. Her only allegation related to gender is the following:

> Also during her employment, Plaintiff worked with a state vendor, Mark Davis. Plaintiff became aware that Mr. Davis was making inappropriate remarks to young women and men working in the office. Plaintiff counseled Mr. Davis against making these inappropriate remarks and reported the incident to HR. Plaintiff had several conversations about the subject with HR. On November 8, 2021 Plaintiff reported Mr. Davis' inappropriate conduct was continuing.

*Id.* ¶ 16 [Doc. No. 7]. At the time of these alleged complaints, Davis did not even work for OESC. *See id.* ¶ 17 (stating that "[s]hortly after Plaintiff's termination, Mr. Davis was hired as an employee of the OESC").

These scant facts to do not make it "plausible" that Plaintiff has stated a claim for retaliation. Plaintiff alleges no facts regarding what statements were allegedly made by Davis, and she offers no explanation for why anyone at OESC (Zumwalt, HR, or someone else) would harbor retaliatory motive *against her* for reporting the actions of a non-OESC employee. Finally, Plaintiff fails to allege that the individual who terminated her even knew about her alleged complaints. Instead, Plaintiff makes a vague allegation about "inappropriate remarks" and makes one passing reference to "reports of sexual harassment of other employees." Am. Compl. ¶¶ 16, 21 [Doc. No. 7]. These allegations are nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Ashcroft*, 556 U.S. at 678; *see also Khalik*, 671 F.3d at 1194 ("There is no nexus between the person(s) to whom she complained and the person who fired her."). This claim must be dismissed for failure to state a claim upon which relief can be granted.

## II. Plaintiff fails to allege compliance with the GTCA and thus her OADA claims are barred.[1]

"The GTCA is the exclusive remedy to recover against a governmental entity in tort." *Gowens v. Barstow*, 364 P.3d 644, 649 (Okla. 2015). Under the GTCA, governmental immunity is "waived . . . subject only to specific limitations and exceptions." *Id.* The GTCA itself states:

> The state or a political subdivision shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment subject to the limitations and exceptions specified in The Governmental Tort Claims Act and only where the state or political subdivision, if a private person or entity, would be liable for money damages under the laws of this state.

Okla. Stat. tit. 51, § 153(A). It further provides, "The liability of the state or political subdivision under The Governmental Tort Claims Act shall be exclusive and shall constitute the extent of tort liability of the state, a political subdivision or employee arising from common law, statute, the Oklahoma Constitution, or otherwise." Okla. Stat. tit. 51, § 153(B).[2] "Tort" is broadly defined by the statute as:

> [A] legal wrong, independent of contract, involving violation of a duty imposed by general law, statute, the Constitution of the State of Oklahoma, or otherwise, resulting in a loss to any person, association or corporation as the proximate result of an act or omission of a political subdivision or the state or an employee acting within the scope of employment . . . .

---

[1] Previously, OESC moved to dismiss Plaintiff's age discrimination claim under the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. §§ 621–34, based on sovereign immunity. Mot. Dismiss 1, 3–6 [Doc. No. 6]. Plaintiff recently clarified that her only age claim is brought under the OADA. Am. Compl. ¶ 18 ("The only age claim asserted by Plaintiff arises under the OADA.") [Doc. No. 7].

[2] Also, "If a court of competent jurisdiction finds tort liability on the part of the state or a political subdivision of the state based on a provision of the Oklahoma Constitution or state law other than The Governmental Tort Claims Act, the limits of liability provided for in The Governmental Tort Claims Act shall apply." Okla. Stat. tit. 51, § 153(B).

Okla. Stat. Ann. tit. 51, § 152(14).

Under the GTCA, an aggrieved party must file a claim against the state prior to initiating a lawsuit. Okla. Stat. tit. 51, § 157(A); *see also* Okla. Stat. tit. 51, § 156(A). This notice must be provided "within one (1) year of the date the loss occurs." Okla. Stat. tit. 51, § 156(B). Once denied, then the party has 180 days to file suit. Okla. Stat. tit. 51, § 157(B).

It is not until the claim is *timely* filed and the other prerequisites of §§ 156 and 157 have been complied with that a claim may be validly brought in court. *Schauf v. The GEO Group*, 439 P.3d 442, 445 (Okla. Civ. App. 2018). "[J]udicial power is invoked by the timely filing of the governmental tort claims action pursuant to § 157, and . . . expiration of the 180–day time period in § 157(B) operates to bar judicial enforcement of the claim against the government to which the Legislature waived sovereign immunity." *Kennedy v. City of Talihina*, 265 P.3d 757, 760 (Okla. Civ. App. 2011). Otherwise, it is barred forever. *Kennedy v. City of Talihina*, 265 P.3d 757, 760 (Okla. Civ. App. 2011). "A petition which fails to allege compliance with the notice provisions of § 157 is subject to dismissal, but the failure to allege such compliance may be cured by amendment." *Schauf*, 439 P.3d at 446.

Here, while Plaintiff claims that she submitted relevant documentation to the Equal Opportunity Employment Commission, Am. Compl. ¶¶ 18–20 [Doc. No. 7], she fails to allege compliance with the GTCA. Recently, the Honorable Charles B. Goodwin determined that OADA claims *are* subject to the GTCA and thus the notice requirements

contained in the GTCA must be carried out by an employment-discrimination plaintiff bringing claims under the OADA. *See Hauck v. Putnam City Indep. Sch. Dist. I001*, No. CIV-20-390-G, 2022 WL 3654749, at *4 (W.D. Okla. Aug. 24, 2022). Because Plaintiff fails to allege compliance with the GTCA, her claims under the OADA must be dismissed.

## Conclusion

Plaintiff's claims must be dismissed based on the foregoing arguments.

Respectfully submitted,

/s/ Justin P. Grose
Justin P. Grose, OBA #31073
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
The Heritage Building
621 N. Robinson Ave., Ste. 400
Oklahoma City, OK 73102
Telephone:   (405) 546-3758
Facsimile:   (405) 546-3775
justin.grose@ogletree.com

***Attorney for Defendant, The State of Oklahoma d/b/a Oklahoma Employment Security Commission***

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of January, 2023, I electronically transmitted the foregoing to the Clerk of Court using the ECF system for electronic filing. The Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Mark Hammons
Amber Hurst
HAMMONS, HURST, & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, OK 73102
amber@hammonslaw.com
ashley@hammonslaw.com
taylor@hammonslaw.com
***Attorneys for Plaintiff***

/s/ Justin P .Grose
Justin P. Grose