UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLAUDIA C. CONNER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-22-1095-G |
| | ) |
| STATE OF OKLAHOMA, d/b/a | ) |
| OKLAHOMA EMPLOYMENT | ) |
| SECURITY COMMISSION, | ) |
| | ) |
|    Defendant. | ) |

## ORDER

Plaintiff Claudia C. Conner has brought this lawsuit against Defendant State of Oklahoma d/b/a Oklahoma Employment Security Commission ("OESC"), alleging violation of Plaintiff's federal and state statutory rights in connection with the termination of her employment. *See* Am. Compl. (Doc. No. 7). Now before the Court is OESC's Motion to Dismiss (Doc. No. 10). Plaintiff has responded (Doc. No. 11), and OESC has replied (Doc. No. 12).

    I.    *Summary of the Pleadings*

In the Amended Complaint, Plaintiff alleges that she was employed at OESC as General Counsel and Chief of Staff. *See* Am. Compl. ¶ 5. Plaintiff asserts that she was wrongfully terminated from her employment on or about November 10, 2021. *See id.*

At the time of her termination, Plaintiff was over 60 years of age. *Id.* ¶ 6. Plaintiff "possessed all of the qualifications necessary for her position," "had not been disciplined, warned or counseled about any performance issues," and "was satisfactorily performing her job" at the time she was terminated. *Id.* ¶¶ 7-8. OESC did not provide a reason for the

termination. *Id.* ¶ 9. Plaintiff's position continued to exist following her termination. *Id.* ¶ 10.

When Plaintiff was hired, the OESC Director, Shelley Zumwalt, asked Plaintiff to fire the "old guards," who were older employees. *Id.* ¶ 11. During her employment, Plaintiff heard Ms. Zumwalt make ageist statements and "saw a pattern of targeting older employees for termination." *Id.* ¶ 12. Plaintiff believed that she herself "was hired as a cover for firing older employees." *Id.* ¶ 13.

During her employment, Plaintiff worked with a state vendor, Mark Davis. *Id.* ¶ 16. "Plaintiff became aware that Mr. Davis was making inappropriate remarks to young women and men working in the office." *Id* "Plaintiff counseled Mr. Davis against making these inappropriate remarks and reported the incident to HR," ultimately "ha[ving] several conversations about the subject with HR." *Id.* "On November 8, 2021, Plaintiff reported Mr. Davis' inappropriate conduct was continuing." *Id.* Shortly after Plaintiff's November 10, 2021 termination, Mr. Davis was hired as an employee of OESC; a few months later Mr. Davis became an employee of Ms. Zumwalt's husband's firm, which has a contract with OESC. *Id.* ¶ 17.

Plaintiff alleges that the "real reason" for her termination was OESC's "discrimination based on Plaintiff's age and gender or the combination of those factors together with retaliation for Plaintiff's reports of sexual harassment of other employees." *Id.* ¶ 21.

## II. Applicable Standard

OESC seeks dismissal of Plaintiff's federal claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III. Plaintiff's Federal Claims

### A. Sex-plus-Age

Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., it is unlawful for an employer to discharge an individual or otherwise discriminate against that individual "because of such's individual's race, color, religion, sex, or national origin." *Id.* § 2000e-2(a)(1). Title VII also prohibits discrimination based on a combination of a protected characteristic and a non-protected characteristic, such as age or parental status.

3

*See Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1045-46 (10th Cir. 2020).

Plaintiff first brings a claim that her termination from OESC constituted improper sex-plus-age discrimination under Title VII. *See* Am. Compl. ¶¶ 18, 21. Stated differently, Plaintiff claims that she was fired from her position because she was an "older female employee[]." Am. Compl. ¶ 12; *see also id.* ¶¶ 18, 21; Pl.'s Resp. at 2-4. Because Plaintiff's "plus-" characteristic—age—is not itself protected under Title VII, her sex-plus-age claim "must be premised on sex alone." *Frappied*, 966 F.3d at 1046.

> [A] sex-plus-age claim alleges discrimination against an employee because of sex and some other characteristic. It is thus a sex discrimination claim, albeit one that alleges that the discrimination was based only in part on sex. Like any other sex-plus plaintiff, a sex-plus-age plaintiff must show unfavorable treatment relative to an employee of the opposite sex who also shares the "plus-" characteristic.

*Id.* at 1048 (citation omitted); *see also Chadwick v. WellPoint, Inc.*, 561 F.3d 38, 43 (1st Cir. 2009) ("The terminology may be a bit misleading . . . because the 'plus' does not mean that more than simple sex discrimination must be alleged; rather, it describes the case where not all members of a disfavored class are discriminated against. In other words, in such cases the employer does not discriminate against the class of men or women as a whole but rather treats differently a subclass of men or women." (alteration, citation, and internal quotation marks omitted)).

4

OESC seeks dismissal of this claim under Rule 12(b)(6), arguing that Plaintiff has failed to adequately plead a claim upon which relief may be granted. *See* Def.'s Mot. at 3-5; Def.'s Reply at 1-4. A plaintiff proves a violation of Title VII

> either by direct evidence of discrimination or by following the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 (1973). Under *McDonnell Douglas*, a three-step analysis requires the plaintiff first prove a prima facie case of discrimination. To set forth a prima facie case of discrimination, a plaintiff must establish that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class. The burden then shifts to the defendant to produce a legitimate, non-discriminatory reason for the adverse employment action. If the defendant does so, the burden then shifts back to the plaintiff to show that the plaintiff's protected status was a determinative factor in the employment decision or that the employer's explanation is pretext.

*Khalik*, 671 F.3d at 1192 (citations omitted).

The requirement that a plaintiff establish a prima facie case is an evidentiary burden rather than a pleading requirement. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). In clarifying the role of the *McDonnell Douglas* framework on a motion to dismiss, the Tenth Circuit has explained that "[w]hile the 12(b)(6) standard does not require that [the plaintiff] establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether [the plaintiff] has set forth a plausible claim." *Khalik*, 671 F.3d at 1192; *see Morman v. Campbell Cnty. Mem'l Hosp.*, 632 F. App'x 927, 933 (10th Cir. 2015) ("The inferences offered by the *McDonnell Douglas* framework assist judges in resolving motions to dismiss by providing an analytical framework to sift through

5

the facts alleged."). The Court therefore considers whether Plaintiff has set forth a plausible claim in light of the relevant elements.

Plaintiff argues that she has adequately alleged her sex-plus-age claim because she has alleged: (1) she belongs to a protected class (female); (2) she was qualified for her position; (3) despite her qualifications, she was discharged; and (4) the job was not eliminated after her discharge. *See Frappied*, 966 F.3d at 1050-51 (identifying these as the four "general" elements that must be shown on a Title VII discriminatory termination claim); *see* Am. Compl. ¶¶ 6-8, 10-13, 17.[1] But to survive a Rule 12(b)(6) motion Plaintiff's pleading must set forth allegations "sufficient to give rise to a plausible inference of sex discrimination." *Frappied*, 966 F.3d at 1053 (affirming dismissal of sex-plus-age claim where plaintiffs' allegations only showed that age and sex were "merely *possible* causes" of the plaintiffs' termination and "allege[d] no other facts that would give rise to an inference of disparate treatment of women over forty as compared to men over forty"); *accord Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1227 (10th Cir. 2000) ("The

---

[1] The articulation of the prima facie case under the *McDonnell Douglas* framework "may well vary," however, "depending on the context of the claim and the nature of the adverse employment action alleged." *Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005). As to the fourth element specifically, while "one way a plaintiff may establish a prima facie case is to include evidence that her job was not eliminated after her discharge," this element "is a flexible one that can be satisfied differently in varying scenarios." *Id.* at 1100 (emphasis omitted); *see also Stainsby v. Okla. ex rel. Okla. Health Care Auth.*, No. CIV-21-1073-D, 2023 WL 1825099, at *5 (W.D. Okla. Feb. 8, 2023). For instance, the Tenth Circuit has also identified the fourth element as "she was treated less favorably than others not in the protected class." *Khalik*, 671 F.3d at 1192. "Indeed, where an employer contends the actual reason for termination in a discriminatory firing case is not elimination of the employee's position, but, rather, unsatisfactory conduct, the status of the employee's former position after his or her termination is irrelevant." *Plotke*, 405 F.3d at 1099.

critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred under circumstances which give rise to an inference of unlawful discrimination." (internal quotation marks omitted)); *see* Def.'s Reply at 4. Stated differently, there must be "a logical connection between each element of the prima facie case and the inference of discrimination." *Plotke*, 405 F.3d at 1100; *see Frappied*, 966 F.3d at 1048 ("[A] Title VII sex-plus-age claim brought by an older woman addresses discrimination against her because of her sex.").

The Amended Complaint contains no specific allegations related to sex or gender bias, as opposed to age bias, other than to allege that the OESC Director "refer[red] to older female employees as dowdy and frumpy." Am. Compl. ¶ 12. Plaintiff's allegations therefore fail to provide a basis from which to infer that Plaintiff was terminated "because of" her sex. *See Frappied*, 966 F.3d at 1048 ("[T]ermination is 'because of sex' if the employer would not have terminated a male employee with the same 'plus-' characteristic."). The pleading's speculative, conclusory assertions of "discrimination" and "[t]he real reason" for the termination are insufficient to survive a motion to dismiss. Am. Compl. ¶ 21; *see Khalik*, 671 F.3d at 1193 ("While specific facts are not necessary, some facts are." (alteration, citation, and internal quotation marks omitted)). "Title VII does not make . . . inconsistent or irrational employment practices illegal. It prohibits only intentional discrimination based upon an employee's protected class characteristics." *EEOC v. Flasher Co.*, 986 F.2d 1312, 1319 (10th Cir. 1992) (emphasis omitted). Therefore, Plaintiff's Title VII sex-plus-age discrimination claim must be dismissed.

7

### B. Retaliation

"Title VII's anti-retaliation provision (the opposition clause) bars an employer from discriminating against an individual who has 'opposed any practice made an unlawful employment practice' by the statute." *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021) (quoting 42 U.S.C. § 2000e-3(a)). Plaintiff alleges that she was subjected to unlawful retaliation for reporting to OESC "inappropriate remarks" made by vendor Mark Davis "to young women and men working in the office." Am. Compl. ¶ 16; *see also id.* ¶¶ 18 (alleging that she filed a charge of discrimination of "retaliation for reporting sexually inappropriate behavior"), 21 (alleging that a reason she was terminated was the reporting of "sexual harassment of other employees"). According to Plaintiff, after becoming aware of Mr. Davis' remarks, Plaintiff counseled Mr. Davis and had several conversations with OESC's human resources department. *See id.* ¶ 16. On November 8, 2021, "Plaintiff reported Mr. Davis' inappropriate conduct was continuing." *Id.* Plaintiff was terminated two days later without explanation. *Id.* ¶ 17.

To establish a prima facie case of retaliation, Plaintiff must show "(1) that she engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Khalik*, 671 F.3d at 1193 (alteration and internal quotation marks omitted). Again, while Plaintiff has no burden to produce evidence at this stage, the Court finds that these elements "provide a reasonable framework for evaluating whether [Plaintiff] has sufficiently alleged a claim of

retaliation." *New v. Bd. of Cnty. Comm'rs for Tulsa Cnty.*, 434 F. Supp. 3d 1219, 1225 (N.D. Okla. 2020).

The parties primarily dispute whether Plaintiff has adequately alleged the first element—i.e., that she engaged in protected opposition to discrimination. *See* Pl.'s Resp. at 5-9; Def.'s Reply at 5-7. OESC first objects to the lack of any allegation that Mr. Davis was employed by OESC. *See* Def.'s Mot. at 7. Plaintiff dismisses this point as "irrelevant." Pl.'s Resp. at 5. Without deciding the issue, the Court accepts at this stage that Plaintiff's actions with respect to Mr. Davis would, if shown to otherwise constitute protected opposition to discrimination, not be excluded from that category because Mr. Davis was a vendor rather than an employee of OESC.

> Title VII extends its protection not only to individuals who are in an employment relationship with their alleged harasser, but also to individuals who are subjected to harassment initiated by outsiders, customers or nonemployees. *E.g.*, *Holmes v. Utah Department of Workforce Services*, 483 F.3d 1057, 1065 (10th Cir. 2007) (employer obligated to protect employees from sexual harassment initiated by outsiders, customers, nonemployees or visitors to workplace premises); *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1073 (10th Cir. 1998) (EEOC regulations provide that employer may be responsible for acts of nonemployees with respect to sexual harassment of employees in workplace).

*Browner v. Okla. ex rel. Univ. of Okla.*, No. CIV-09-896-W, 2010 WL 11607316, at *6 (W.D. Okla. Feb. 5, 2010) (denying dismissal of retaliation claim where plaintiff contended that she was discharged after complaining about "harassment in a workplace setting controlled by" the defendant). Taken as true and viewed in Plaintiff's favor, the Amended Complaint has plausibly pleaded that an OESC's vendor's harassment was "an unlawful employment practice." 42 U.S.C. § 2000e-3(a).

OESC next objects that Plaintiff has not plausibly alleged that she engaged in protected opposition to discrimination because the Amended Complaint fails to identify the substance of either Mr. Davis' remarks or Plaintiff's complaints regarding those remarks. *See* Def.'s Mot. at 7; Def.'s Reply at 5-7. Therefore, according to OESC, the pleading does not show that Plaintiff "had both a subjective good faith and objectively reasonable belief" that the conduct she opposed violated Title VII, as required to plead this element. *Reznik*, 18 F.4th at 1260; *see also Espinoza v. Dep't of Corr.*, 509 F. App'x 724, 728-29 (10th Cir. 2013) ("To demonstrate protected opposition to discrimination, the employee must show he had a reasonable good-faith belief that the opposed behavior was discriminatory." (internal quotation marks omitted)).

In determining the reasonableness of a plaintiff's belief, the Court considers "the knowledge available to the reasonable person in the same factual circumstances . . . as the aggrieved employee." *Reznik*, 18 F.4th at 1263 (internal quotation marks omitted). This determination further requires "analyzing the law, the relevant attendant circumstances of [the plaintiff's] job, and the severity, pervasiveness, and duration of the alleged discrimination." *Id.* at 1264. Here, the Amended Complaint's broad references to "inappropriate remarks" and "sexual harassment of other employees" provide no meaningful information about the factual circumstances of the allegedly unlawful conduct. Am. Compl. ¶¶ 16, 21. Therefore, even assuming Plaintiff's good-faith belief that Mr. Davis' conduct was unlawful, Plaintiff's factual allegations are insufficient to allow a plausible inference that Plaintiff's belief was "objectively reasonable." *Reznik*, 18 F.4th at 1260; *see also Culp v. Reynolds*, No. CIV-19-424-PRW, 2020 WL 1663523, at *4 (W.D.

10

Okla. Apr. 3, 2020) (dismissing Title VII retaliation claim where plaintiff's "vague and conclusory allegations" failed to "provide insight into how [the coworker's] alleged harassment was based on gender or sex"); *cf. Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) ("Title VII . . . does not set forth a general civility code for the American workplace." (internal quotation marks omitted)).  This claim must be dismissed.

    IV.    *Plaintiff's State-Law Claims*

Upon removal, invocation of the Court's subject-matter jurisdiction in this matter was premised upon the federal questions presented by Plaintiff's federal employment claims.  *See* Notice of Removal (Doc. No. 1) at 2; 28 U.S.C. §§ 1331, 1441(a).  Those claims are now subject to dismissal, and Plaintiff's remaining claims against OESC are premised upon violations of Oklahoma law.  *See* Am. Compl. ¶¶ 18, 21; Pl.'s Resp. at 9-15.  The pleading reflects that the parties are not diverse, and the record does not evince any other basis for this Court's exercise of jurisdiction over this matter.  "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."  *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (citing 28 U.S.C. § 1367(c)(3)).  Accordingly, the Court declines to proceed with the remaining state-law claims.

## CONCLUSION

As outlined herein, Defendant's Motion to Dismiss (Doc. No. 10) is GRANTED.  Plaintiff's federal claims are DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted.  The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.  A separate judgment shall be entered.

Notably, Plaintiff requested in her briefing that the Court consider allowing her leave to amend in lieu of dismissal, but failed to adequately establish that amendment would resolve the cited deficiencies. *Cf.* LCvR 15.1 (requiring that the proposed pleading be submitted with a motion to amend). Notwithstanding the issuance of a judgment, Plaintiff remains able to submit a motion for leave to amend that complies with the Court's Local Civil Rules.

IT IS SO ORDERED this 29th day of September, 2023.

_____
CHARLES B. GOODWIN
United States District Judge